IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LALTITUDE LLC,

    Plaintiff,

    v.

DREAMBUILDER TOY LLC, et al.,

    Defendants.

Case No. 2:22-cv-2911
Judge Edmund A. Sargus
Magistrate Judge Kimberly A. Jolson

**OPINION AND ORDER**

This matter is before the Court on Defendant Dreambuilder Toy LLC's Unopposed Motion for Leave to File Under Seal (Doc. 24). For the following reasons, Defendant's Motion is **DENIED without prejudice.**

**I.    STANDARD**

Courts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1179); *see also Shane Grp.*, 825 F.3d at

305 ("Only the most compelling reasons can justify non-disclosure of judicial records." (quotation omitted)).

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 308 (citation and quotations omitted). "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted). Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury . . . . And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted).

## II. DISCUSSION

Defendant seeks to seal portions of a forthcoming memorandum that discuss the terms of a settlement agreement and an exhibit containing a copy of that agreement. (Doc. 24 at 1). In their Motion, Defendant argues that this information has been designated by the parties as "confidential" and is therefore "entitled" to non-disclosure. (Doc. 24-1 at 1–2).

But Defendant's explanation falls short of the Sixth Circuit's exacting standard for sealing court filings. Defendant asks to seal these documents based only on an assertion that they have been designated confidential by the parties. Like in *Shane Group*, this explanation is "brief" and "perfunctory" and conflates "the standards for entering a protective order . . . with the vastly more demanding standards for sealing off judicial records from public view." *Shane Grp.*, 825 F.3d at 306–307. To meet their burden for sealing, a party must show three things: "(1) a compelling

interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors America, Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (internal citation omitted). Here, Defendant has not identified a compelling interest, has not explained how that interest outweighs the public's interest in accessing judicial records, and has not shown that this request is narrowly tailored. Accordingly, Defendant has not met their burden, and their Motion is **DENIED without prejudice.**

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion (Doc. 24) is **DENIED without prejudice.** If Defendant chooses to re-file their Motion, they must do so within the next fourteen (14) days and explain, with particularity, how their request satisfies the Sixth Circuit's demanding standard for redacting or sealing.

IT IS SO ORDERED.

Date: January 2, 2024 　　　　　　　　　　　　／s/ Kimberly A. Jolson
　　　　　　　　　　　　　　　　　　　　　　　KIMBERLY A. JOLSON
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE