EXHIBIT

A

# SETTLEMENT AGREEMENT AND RELEASE

## I. INTRODUCTION

This Settlement Agreement and Release (the "Agreement") is made and entered into effective as of the latest date of execution below (the "Effective Date"), between LALTITUDE LLC. ("**PLAINTIFF**"), and DREAMBUILDER TOY LLC. ("**DEFENDANT**"). Plaintiff and Defendant shall be referred to herein collectively as the "**PARTIES**."

## II. DEFINITIONS

1. "**ACTION**" means and refers to the lawsuit entitled *Laltitude LLC v. DreamBuilder Toy LLC. et al.* filed in the United States District Court for the Southern District of Ohio as Case No: 2:22-cv-2911, and any and all amendments thereto, any and all cross-complaints, and any and all amendments thereto.

2. "**CLAIM**" or "**CLAIMS**" means or refers to any and all actions, causes of action, claims, complaints, cross-complaints, demands, and disputes, known or unknown.

3. "**PARTY**" or "**PARTIES**" means or relates to Plaintiff and Defendant.

4. "**RELATED PERSONS AND ENTITIES**" means or relates to any and all agents, parent companies, subsidiaries, successors; predecessors, insurers, indemnities, divisions, affiliates, related corporations and entities, administrators, assign, beneficiaries, investors, agents, directors, employees, executors, experts, heirs, joint venturers, legal representatives, officers, partners, predecessors, principals, stockholders, successors-in-interest, trusts, and trustees of a PARTY.

5. "**ACCUSED PRODUCTS**" means the DEFENDANT'S products associated with Amazon Standard Identification Number ("ASIN") B075FJS3C9 and ASIN B083K45NC4.

6. "**COVERED PRODUCTS**" means those ACCUSED PRODUCTS, PicassoTiles magnetic tiles, PicassoTiles compatible magnetic tiles (such as those associated with ASIN B07VT7N2LV, B00AU56C5W, B0844WB7S5, B09PB9R53P, B09JYR9CCX, B073RRQNX1, B087D93828, and ASIN B07VT519NV products), and any other products that infringe upon any patents asserted in the ACTION. This term is agreed not to include DEFENDANT'S products

associated with ASIN B011FCA02O, ASIN B0878C9D4X, ASIN B07RHXSKK5, ASIN B01362R66E, and ASIN B0878F8K4X.

## III. RECITALS

**WHEREAS,** on or around July 23, 2022, PLAINTIFF filed against DEFENDANT the ACTION alleging design patent infringement and unfair competition.

**WHEREAS,** the PARTIES wish to resolve this matter and settle each and every cause of action, claim, and counterclaim which was or could have been alleged in the ACTION, according to the terms set forth herein.

**NOW, THEREFORE,** in consideration of the foregoing premises and the mutual covenants and agreements set forth in this Agreement, and for other good and valuable consideration, the receipt, sufficiency, and adequacy of which are hereby acknowledged, the PARTIES agree as follows:

## IV. WARRANTIES

1. The PARTIES each expressly represent and warrant that they are authorized to execute this Agreement.
2. The PARTIES each represent and warrant that they have not assigned, transferred, or conveyed any of their respective rights, claims, or causes of action relating to the dispute, and expressly waive all rights they may have to do so.
3. The PARTIES each represent and warrant that they have been represented by legal counsel with respect to the negotiation, terms, and execution of this Agreement.

## V. SETTLEMENT AND RELEASE

1. DEFENDANT agrees to pay the sum of $5,000 to PLAINTIFF as full and final settlement of any claims PLAINTIFF may have against DEFENDANT and its RELATED PERSONS AND ENTITIES.

2. DEFENDANT shall pay the $5,000 referenced in V.1 by direct wire transfer to bank account information provided by PLAINTIFF within seven (7) days from the Effective Date of this agreement.

3. PLAINTIFF acknowledges that the payment referenced in V.1 represents full and final payment for damages claimed by it, including attorney's fees and costs associated with or incurred in prosecuting the ACTION.

4. DEFENDANT agrees to immediately cease and desist from manufacturing, using, selling, or offering for sale, the COVERED PRODUCTS. Within thirty (30) days of the Effective Date, DEFENDANT shall use its best efforts to eliminate all COVERED PRODUCTS from inventory by outright destruction or donation to nonprofit, community, or religious organizations.

5. The PARTIES hereto acknowledge that a breach of the covenants contained in Section V.4 will cause irreparable damage to PLANTIFF and its goodwill, the exact amount of which will be difficult or impossible to ascertain, and that the remedies at law for any such breach will be inadequate. Accordingly, the PARTIES agree that in the event of a breach of the covenants contained in Section V.4, in addition to any other remedy which may be available at law or in equity, the PLAINTIFF shall be entitled to specific performance and injunctive relief.

Within ten (10) days from the Effective Date of this Agreement, the PARTIES shall file a Joint Motion to the Court requesting a Court-Ordered Injunction in favor of PLAINTIFF, attached hereto as **Exhibit A**, setting forth that DEFENDANT shall discontinue the manufacture, use, sale, or offer for sale the COVERED PRODUCTS.

Within seven (7) days of the issuance of the Court-Ordered Injunction, PLAINTIFF in the ACTION shall file, or cause to be filed, a Stipulation of Dismissal attached hereto as **Exhibit B**. The Court shall be specifically requested to retain jurisdiction over the enforcement of this Agreement.

6. In consideration of the terms, conditions, and mutual releases contained in this Agreement, PLAINTIFF and its RELATED PERSONS AND ENTITIES, fully release and forever discharge DEFENDANT and its RELATED PERSONS AND ENTITIES from and against any and all liabilities, claims, demands, administrative complaints, causes of action, and suits that PLAINTIFF has or may have, of whatever kind and nature, known or unknown, now existing and up to the Effective Date.

7. The PARTIES agree that this Agreement, as well as the nature and terms of this settlement and the subject matter hereof, will be treated as confidential and the PARTIES shall make no disclosure or reference to the terms of this Agreement to any person or entity, except to the PARTIES' attorney's, and as necessary, tax preparers, provided that each such person agreed to be bound by the confidential nature of this Agreement. The PARTIES and PARTIES' counsel may also make such disclosures pursuant to a court or administrative order, subpoena, or as otherwise may be required by law. The PARTIES acknowledge and agree that the promise to maintain the confidentiality of the Agreement is an important element of the consideration for and inducement of entering into this Agreement.

## VI. MISCELLANEOUS PROVISIONS

1. The PARTIES each acknowledge that time is of the essence with regard to this Agreement. The PARTIES each agree to perform their obligations hereunder expediently, promptly, and without delay.

2. This Settlement Agreement contains the entire understanding and agreement by and between the PARTIES. There is no understanding or agreement by the PARTIES or their agents, employees, or attorney to relinquish any rights, make any payment, or perform any act other than as provided for in this Agreement. This Agreement supersedes any and all other agreements between the PARTIES regarding the subjects herein.

3. This Agreement shall not be altered, modified, or amended, except by written agreement signed by the PARTIES.

4. No waiver of any provision of this Agreement shall be effective unless made in writing and signed by an authorized representative of the waiving Party. No waiver of any provision or this Agreement shall constitute a waiver of any prior, concurrent, or subsequent breach of the same or of any other provision hereof.

5. This Agreement has been reached through negotiations between, and has been jointly drafted by, the PARTIES. The PARTIES have each used their own judgment in entering into this Agreement. Therefore, this Agreement shall not be construed against the "drafter" of the same.

6. To provide an opportunity to avoid any disputes, the PARTIES are entitled to notice from each other of any claimed breach or default of this Agreement. After notice of breach or default is provided, the alleged defaulting or breaching party shall have five (5) calendar days to cure the noticed, alleged breach, or default.

7. Any notice provided under this Agreement may be made by overnight mail, U.S. mail, personal delivery, or electronic mail, addressed as follows:

| PLAINTIFF | DEFENDANTS |
|---|---|
| Omid E. Khalifeh<br>2029 Century Park E. Suite 438<br>Los Angeles, CA 90067<br>omid@omnilg.com<br><br>Louise Jillian Paris<br>2029 Century Park E. Suite 438<br>Los Angeles, CA 90067<br>jillian@omnilg.com | Matthew J. Schonauer<br>Ulmer & Berne LLP<br>65 East State Street<br>Suite 1100<br>Columbus, Ohio 43215<br>mschonauer@ulmer.com |

8. Should any provision of the Agreement be declared or be determined by any court of competent jurisdiction to be wholly or partially illegal, invalid or unenforceable, the legality, validity, and enforceability of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal unenforceable, or invalid part, term, or provision shall be deemed not to be part of the Agreement.

**[Signatories appear on the following page]**

**IN WITNESS WHEREOF**, and intending to be legally bound hereby, each of the PARTIES hereto has caused this Agreement to be executed as of the day and year first set forth above.

By affixing their respective signatures below, the PARTIES affirmatively state that the terms of the foregoing Settlement and Agreement and Release of Claims have been completely read, are fully understood, and freely and voluntarily accepted.

| LALTITUDE LLC | DREAMBUILDER TOY LLC |
|---|---|
| howard wang | [signature] |
| SIGNATURE | SIGNATURE |
| By: Howard Wang | By: Kai Liu |
| Its: | Its: |
| Date: 01/07/2025 | Date: 06/21/2023 |

**EXHIBIT A**

**Joint Motion for Injunction**

**[SEE NEXT PAGE]**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| Laltitude LLC,<br><br>Plaintiff,<br><br>v.<br><br>Dreambuilder Toy LLC, *et al.*,<br><br>Defendants. | Case No. 2:22-cv-2911<br><br>Judge Edmund A. Sargus<br>Magistrate Judge Kimberly A. Jolson |

**JOINT MOTION TO ENTER STIPULATED PERMANENT INJUNCTION**

Plaintiff Laltitude LLC has filed a Complaint, alleging Design Patent Infringement under 35 U.S.C. § 271 and Unfair Competition, with a request for Permanent Injunction and other equitable relief against Defendant Dreambuilder Toy LLC.

Plaintiff and Defendant, having been represented by counsel and acting by and through such counsel, have consented to the entry of a Stipulated Judgment for Permanent Injunction. The parties hereby request this court for an order permanently restraining and enjoining Defendant Dreambuilder Toy LLC, from engaging in the manufacture, use, sale, or offer for sale of the following, until after the expiration date of the respective Patents:

1. Products associated with Amazon Standard Identification Number ("ASIN") B075FJS3C9 and ASIN B083K45NC4.
2. PicassoTiles magnetic tiles, PicassoTiles compatible magnetic tiles (such as those associated with ASIN B07VT7N2LV, B00AU56C5W, B0844WB7S5, B09PB9R53P, B09JYR9CCX, B073RRQNX1, B087D93828, and ASIN

B07VT519NV products), and any other products that infringe upon any patents asserted in the Action.

3. This Injunction is agreed not to include Defendant's products associated with ASIN B011FCA02O, ASIN B0878C9D4X, ASIN B07RHXSKK5, ASIN B01362R66E, and ASIN B0878F8K4X.

Respectfully submitted,

| | | |
|---|---|---|
| ~~Jeffrey C. Norris (OH Bar 0066986)~~<br>~~F. Michael Speed, Jr. (OH Bar 0067541)~~<br>~~**STANDLEY LAW GROUP LLP**~~<br>~~6300 Riverside Drive~~<br>~~Dublin, Ohio 43017~~<br>~~Phone: 614.792.5555~~<br>~~Fax: 614.792.5536~~<br>~~jnorris@standleyllp.com~~<br>~~mspeed@standleyllp.com~~<br>~~litigation@standleyllp.com~~<br><br>~~Omid E. Khalifeh (CA Bar 267340)~~<br>~~Louise Jillian Paris (CA Bar 347801)~~<br>~~**OMNI LEGAL GROUP**~~<br>~~2029 Century Park E, Suite 438~~<br>~~Los Angeles, CA 90067~~<br>~~Phone: 310.276.6664~~<br>~~Fax: 310.305.1550~~<br>~~omid@omnilg.com~~<br>~~jillian@omnilg.com~~<br><br>*Attorneys for Laltitude LLC* | | Matthew J. Schonauer<br>**ULMER & BERNE LLP**<br>65 East State Street<br>Suite 1100<br>Columbus, Ohio 43215<br>Tel: (614) 229-0024<br>Fax: (614) 229-0025<br>*mschonauer@ulmer.com*<br><br>*Attorney for Dreambuilder Toy LLC* |

/s/Allison L. Harrison
Allison L. Harrison (0086324)
ALH Law Group
100 E Broad St, Ste 320
Columbus, OH 43215
614-440-1395
allison@alhlaw.com

**EXHIBIT B**

**Stipulation of Dismissal**

**[SEE NEXT PAGE]**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| Laltitude LLC,<br><br>Plaintiff,<br><br>v.<br><br>Dreambuilder Toy LLC, *et al.*,<br><br>Defendants. | Case No. 2:22-cv-2911<br><br>Judge Edmund A. Sargus<br>Magistrate Judge Kimberly A. Jolson |

**STIPULATION OF DISMISSAL**

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), the parties hereby dismiss all claims in this case **WITH PREJUDICE**. The Court is hereby requested to retain jurisdiction to enforce the terms of the written settlement agreement in its dismissal order.

Respectfully submitted,

| | | |
|---|---|---|
| ~~Jeffrey C. Norris (OH Bar 0066986)~~<br>~~F. Michael Speed, Jr. (OH Bar 0067541)~~<br>~~**STANDLEY LAW GROUP LLP**~~<br>~~6300 Riverside Drive~~<br>~~Dublin, Ohio 43017~~<br>~~Phone: 614.792.5555~~<br>~~Fax: 614.792.5536~~<br>~~jnorris@standleyllp.com~~<br>~~mspeed@standleyllp.com~~<br>~~litigation@standleyllp.com~~<br><br>~~Omid E. Khalifeh (CA Bar 267340)~~<br>~~Louise Jillian Paris (CA Bar 347801)~~<br>~~**OMNI LEGAL GROUP**~~<br>~~2029 Century Park E, Suite 438~~<br>~~Los Angeles, CA 90067~~<br>~~Phone: 310.276.6664~~ | | Matthew J. Schonauer<br>**ULMER & BERNE LLP**<br>65 East State Street<br>Suite 1100<br>Columbus, Ohio 43215<br>Tel: (614) 229-0024<br>Fax: (614) 229-0025<br>*mschonauer@ulmer.com*<br><br>*Attorney for Dreambuilder Toy LLC* |

| | | |
|---|---|---|
| ~~Fax: 310.305.1550~~<br>~~omid@omnilg.com~~<br>~~jillian@omnilg.com~~<br><br>*Attorneys for Laltitude LLC* | | |

/s/ Allison L. Harrison
Allison L. Harrison (0086324)
ALH Law Group
100 E Broad St, Ste 320
Columbus, OH 43215
614-440-1395
allison@alhlaw.com