UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LALTITUDE, LLC,

       Plaintiff,

                                     Case No. 2:22-cv-2911

     v.                                Judge Edmund A. Sargus, Jr.

                                     Magistrate Judge Kimberly A. Jolson

DREAMBUILDER TOY, LLC, *et al.*,

       Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff Laltitude, LLC's Motion for Leave to Appeal. (ECF No. 53.) Laltitude seeks leave to file a notice of appeal after the deadline to do so has passed under Federal Rule of Appellate Procedure 4(a)(5). (*Id.*) Defendant Dreambuilder Toy, LLC opposes the Motion. (ECF No. 56.) For the reasons stated below, the Motion is **DENIED**.

## BACKGROUND

The Court issued an Opinion and Order on January 8, 2026, awarding Dreambuilder a portion of its attorneys' fees in this case. (ECF No. 52.) Federal Rule of Appellate Procedure 4 allows a party to file a notice of appeal within 30 days after the entry of the order appealed from. Fed. R. App. P. 4(a)(1)(A). Thus, Laltitude's deadline to file a notice of appeal of the Court's Opinion and Order awarding attorneys' fees was Monday, February 9, 2026.

On February 17, 2026, Laltitude filed its Motion for Leave to File Notice of Appeal Out of Time. (ECF No. 53.) The following day, the Court ordered Dreambuilder to within 10 days of the Order if it opposed Laltitude's Motion. (ECF No. 54.) On the tenth day, Laltitude filed a notice of appeal before Dreambuilder responded and without leave of the Court. (ECF No. 55.)

About two weeks later, a Sixth Circuit Order was filed on the docket stating that the appeal was voluntarily dismissed by Laltitude under Federal Rule of Appellate Procedure 42(b).

(ECF No. 59.) Subsequently, the Court ordered Laltitude to notify the Court whether its Motion for Leave to Appeal was moot given the voluntary dismissal of the appeal. (ECF No. 60.) Laltitude's response stated that it voluntarily dismissed the appeal "because it was filed prematurely" and that its Motion is not moot. (ECF No. 61.) Accordingly, the Court proceeds to consider Laltitude's Motion.

## ANALYSIS

Under the Federal Rule of Appellate Procedure 4, a district court may extend the parties' time to file a notice of appeal upon a showing of "excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii). Laltitude moves under the excusable neglect prong. It asserts that from approximately January 29, 2026 to February 10, 2026, its counsel, Joseph Farco, was "unexpectedly and entirely unavailable to attend his professional obligations" because of the "sudden and critical hospitalization of his minor child." (ECF No. 53, PageID 415.) It contends that Mr. Farco discovered the lapsed deadline upon returning to his duties and promptly filed the instant Motion. (*Id.*)

Dreambuilder opposes Laltitude's Motion. (ECF No. 56.) First, it highlights that Mr. Farco is one of many attorneys representing Laltitude in this matter, all of whom were presumably aware of the appeal deadline. (*Id.* PageID 431.) Second, it argues that Mr. Farco's family emergency did not render him unable to file a notice of appeal during the majority of the 30-day appeal window. (*Id.* PageID 432.) Lastly, it asserts that it would be prejudiced by further proceedings because it has already expended substantial time and resources defending against Laltitude's "baseless litigation tactics" in this case. (*Id.* PageID 433.)

"Leave to file an untimely notice of appeal is to be granted only in unique or extraordinary circumstances." *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989). Courts

analyze excusable neglect by balancing the following factors: (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the movant; and (5) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also United States v. Thompson*, 82 F.3d 700, 702 (6th Cir. 1996)) (holding that the analysis in *Pioneer* applies to civil appeals under Rule 4(a)(5)). "The *Pioneer* factors 'do not carry equal weight; the excuse given for the late filing must have the greatest import.'" *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010) (quoting *Lowry v. McDonnell Douglas Corp.,* 211 F.3d 457, 463 (8th Cir.2000)).

Starting with Mr. Farco's reason for his unavailability, the Court expresses sympathy for the medical emergency involving his child. But the Court is not persuaded that Laltitude has demonstrated excusable neglect. Mr. Farco is not the only attorney on this case. Four attorneys have appeared as counsel of record in the case and, notably, Mr. Farco is not one of them. Laltitude fails to explain why any of its attorneys of record were unable to file the notice of appeal during Mr. Farco's family emergency. *See Culton v. Unifi Aviation, LLC*, No. 25-1277, 2026 WL 1009174, at *2 (6th Cir. Apr. 14, 2026) (finding no excusable neglect where one of four attorneys of record was unavailable). Further, Mr. Farco's family emergency occurred during the last 11 days of the appeal window, again with four attorneys of record representing Laltitude who could have filed a notice of appeal sometime during the 30-day window.

The Court considers the remaining factors, starting with the length of the delay. Laltitude filed its Motion eight days after the appeal deadline.[1] Additionally, Laltitude's premature filing

---

[1] Laltitude incorrectly states the date its Motion was filed and thus incorrectly calculates the number of days between the appeal deadline and filing of its Motion. (ECF No. 53, PageID 415.)

of the notice of appeal without leave of the Court resulted in an additional 18-day delay. Nonetheless, the Court finds that these delays are not substantial.

The prejudice factor weighs in favor of Dreambuilder. Laltitude's conduct in this case has resulted in an already protracted dispute. The Court has previously found that Laltitude prolonged this litigation by disavowing the settlement agreement, and on that basis awarded Dreambuilder partial attorneys' fees. (ECF Nos. 40, 52.) Further, Laltitude filed a premature appeal without leave of the Court, requiring Dreambuilder to appear and participate in an appeal that Laltitude later voluntarily dismissed. Dreambuilder would be prejudiced by further litigation in this case, which would require it to expend additional time and resources.

Neither Party addresses the bad faith factor, thus neither does the Court.

Weighing the *Pioneer* factors, the Court concludes that Laltitude does not demonstrate excusable neglect to warrant an extension of time to file an appeal under Rule 4(a)(5). Although Mr. Farco may be able to show excusable neglect, the other attorneys of record on this case do not. Accordingly, Plaintiff Laltitude's Motion for Leave to File Notice of Appeal Out of Time (ECF No. 53) is **DENIED**.

This case remains closed.

**IT IS SO ORDERED.**

5/1/2026                              s/Edmund A. Sargus, Jr.
**DATE**                                 **EDMUND A. SARGUS, JR.**
                                               **UNITED STATES DISTRICT JUDGE**

---

The Motion was filed on February 17, not February 13, meaning that it was filed eight days after the appeal deadline of February 9, 2026.

4